ANNE PENACHIO, ESQ.
Attorney for Certified Fence Corporation
575 White Plains Road
Eastchester, NY 10709
(914) 961-6003
Anne Penachio (AJP-9721)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

------------------------------------------------x **07 CIV. 3995**

In re:                                            :  CHAPTER 11

    CERTIFIED FENCE CORPORATION,                     :  CASE NO.:   07-22319 (ASH)

        Debtor.                                    :

------------------------------------------------x  **ROBINSON**

    CERTIFIED FENCE CORPORATION,                     :

        Plaintiff                                  :  Civil Case No.:

    -against-                                        :

COLUMBUS CONSTRUCTION CORP. d/b/a                   :
COLUMBUS CONSTRUCTION, INC. and
UNITED STATES FIRE INSURANCE                        :
COMPANY,

                  :

        Defendants.                                :

------------------------------------------------x

## NOTICE OF REMOVAL OF STATE COURT ACTION

TO:    UNITED STATES DISTRICT COURT, THE CLERK OF THE UNITED STATES
DISTRICT COURT, THE HONORABLE ADLAI S. HARDIN, JR., UNITED STATES
BANKRUPTCY JUDGE, THE CLERK OF THE UNITED STATES BANKRUPTCY
COURT FOR THE SOUTHERN DISTRICT OF NEW YORK, THE HONORABLE
WILLIAM GIACOMO, THE CLERK OF THE SUPREME COURT OF THE STATE
OF NEW YORK, COUNTY OF WESTCHESTER, AND ALL PARTIES IN THE
STATE COURT CIVIL ACTION HEREBY REMOVED:

        **PLEASE TAKE NOTICE THAT** the debtor and debtor in possession in

the above-captioned chapter 11 case (the "Debtor"), by its counsel and proposed counsel,

Anne Penachio, Esq., hereby submit this Notice of Removal, pursuant to 28 U.S.C.

§§ 157(a) and 1452(a) and in accordance with Rule 9027 of the Federal Rules of

Bankruptcy Procedure, removing the following case from the New York State Supreme

Court, Westchester County:

> [Certified Fence Corporation, Corp., Plaintiff. v. Columbus Construction Corp.
>
> d/b/a Columbus Construction, Inc. and United States Fire Insurance Company,
>
> Defendants, Supreme Court of the State of New York, Westchester County, Index
>
> No. 24083/06]

In support of this removal, the Debtor respectfully represents as follows:

1.      On or about April 7, 2007 (the "Petition Date"), the Debtor filed for relief

(the "Chapter 11 Case") under chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101

et seq. (the "Bankruptcy Code"). The Chapter 11 Case is pending before the United States

Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). Since the

filing, the Debtor has continued in its business and managing its properties as debtor and debtor

in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2.      Approximately 4 months prior to the Petition Date, the Debtor commenced

an action against Columbus Construction Corp. d/b/a Columbus Construction, Inc. and United

States Fire Insurance Company in New York State Supreme Court, Westchester County which

was assigned index number 24083/06 (the "State Court Action").

3.      The Debtor is primarily engaged as a sub-contractor providing fencing,

guardrails and road work to general contractors.

4.      The defendant Columbus Construction Corp. d/b/a Columbus Construction,

2

Inc. ("Columbus") is a general contractor which entered into a contract with the New York State Department of Transportation for improvements to I-684 (the "I-684 Project").

5.    The defendant United States Fire Insurance Company ("U.S. Fire") issued a bond insuring, inter alia, payment of monies due to Columbus' subcontractors for labor and material provided under the I-684 Project.

6.    The Debtor and Columbus entered into a contract whereby the Debtor agreed, inter alia, to perform certain fencing, labor and rail services and Columbus agreed to pay the Debtor consideration.

7.    In the Action, the Debtor asserts four causes of action against defendant Columbus including breach of contract and breach of its implied duty to act in good faith and deal with the Debtor reasonable and fairly.   The Debtor asserted a cause of action against defendant U.S. Fire for payment under the bond.

8.    The Defendants interposed answers.

9.    The litigation is in the pre-trial discovery stages.   Upon information and belief, no documents have been exchanged and no depositions have been taken.

## FACTS SUPPORTING REMOVAL

10.    The State Court Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court, and it is not a civil action by a government unit to enforce such government unit's police or regulatory power.

11.    The State Court Action, until the filing of this Notice of Removal and the filing of a copy of this Notice of Removal with the clerk of the State Court, was still pending before the New York State Supreme Court, Westchester County.

12.    Removal is appropriate because, upon information and belief, absent such removal, the issues in the State Court Action cannot be adjudicated in a timely fashion. Although the primary issues implicated do not implicate complex issues of law and fact, discovery is not anticipated to conclude until at least September 2008. A trial will not likely take place until 2010 or later.

13.    Absent removal, the Debtor's ability to propose a feasible plan of reorganization in a timely fashion will be seriously impeded. The Debtor intends to fund its chapter 11 plan, in part, with the recovery from the State Court Action. Indeed, the Debtor intends to utilize the proceeds of the State Court Action to pay its creditors. By removing the State Court Action to the Bankruptcy Court, the Debtor is streamlining the process of resolving the inextricably intertwined issues of the State Court Action and the Chapter 11 Case. As a result, the Debtor believes that he will be able to emerge from bankruptcy protection much more quickly.

14.    The Bankruptcy Court has jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1334(b) and the "Standing Order of Referral of Cases to Bankruptcy Judges" for the Southern District of New York, dated July 10, 1984 (Ward, Acting C. J.) Venue of this case and the Application is proper in this district pursuant to 28 U.S.C. §§ 1409 and 1452.

15.    The State Court Action is a civil proceeding relating to the Chapter 11

4

Case. Removal is appropriate because the State Court Action involves issues relating to a determination of the assets and liabilities of the Debtor.   Removal is also appropriate because resolution of the issues that are the subject of the State Court Action is a key element in the Debtors ability to successfully reorganize in a timely fashion.

16.    Upon information and belief, upon removal, the State Court Action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).]

17.    Upon removal, the Debtor consents to entry of final orders or judgment by the Bankruptcy Court.

18.    In accordance with Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure, a copy of process and pleadings in the State Court Action are annexed hereto as Exhibit A.

19.    This Notice of Removal is filed within ninety (90) days of the order for relief in the Chapter 11 Case, in accordance with Rule 9027(a)(2) of the Federal Rules of Bankruptcy Procedure.

**NOW THEREFORE**, all parties to the State Court Action are **HEREBY NOTIFIED**, pursuant to Rule 9027(b) & (e) of the Federal Rules of Bankruptcy Procedure, as follows:

Removal of the State Court Action and all claims and causes of action therein to the Bankruptcy Court will be effected upon the filing of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, Westchester County, pursuant to Rule 9027(e) of the Federal Rules of Bankruptcy Procedure. Upon such filing, the parties to the State Court Action shall proceed no further in the State Court unless and until this action is remanded by the Bankruptcy Court.

Dated: Eastchester, New York
      May 21, 2007

                                    Respectfully submitted,

                                    ANNE PENACHIO

                                    By: _____
                                    Anne Penachio (AJP-9721)
                                    Counsel for Certified Fence Corp.
                                    575 White Plains Road
                                    Eastchester, New York  10709
                                    Tel.:   (914) 961-6003

                                    Attorney for the Debtor and Debtor in Possession

6

**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
CERTIFIED FENCE CORPORATION,

                                           Index No. 24083/06
                              Plaintiff,

          -against-

                                           FIRST AMENDED
COLUMBUS CONSTRUCTION CORP. d/b/a          VERIFIED COMPLAINT
COLUMBUS CONSTRUCTION, INC. and UNITED
STATES FIRE INSURANCE COMPANY,

                                           RECEIVED
                              Defendants.

                                           DEC 2 8 2006

Plaintiff, for its' complaint against Defendants alleges as follows:  TIMOTHY C. IDONI
                                                                      COUNTY CLERK
                                                                      COUNTY OF WESTCHESTE

## PARTIES

1.      Plaintiff, Certified Fence Corporation ("Certified") is a corporation

incorporated under the laws of the State of New York, with its' principal place of business at 59

Grant Avenue, Harrison, New York 10528, engaged in the contracting business of fencing,

railwork and guarding.

2.      On information and belief, Defendant Columbus Construction Corp. d/b/a

Columbus Construction, Inc. ("Columbus") was at all relevant times hereinafter mentioned, a

domestic corporation duly organized and existing under and by virtue of the laws of the State of

New York, with its' principal place of business at 687 South Columbus Avenue, Mount Vernon,

New York 10550.

3.      On information and belief, Defendant United States Fire Insurance

Company ("U.S. Fire") was at all relevant times hereinafter mentioned, a foreign corporation

duly organized and existing under and by virtue of the laws of the State of Delaware, and having

                                    1

its' administrative offices in the Township of Morris, New Jersey, duly authorized to transact the business of insurance, qualified to become surety or guarantor on all bonds, in the State of New York.

   4. Jurisdiction and venue are proper in that the acts complained of herein occurred in Westchester County. Columbus has its' principal place of business in Westchester County, and the contracts at issue specifically designate the Supreme Court of the State of New York, Westchester County as the forum to hear all disputes arising under the contracts.

## GENERAL FACTUAL ALLEGATIONS

   5. At all times material herein. Certified was and is a subcontractor engaged in the business of fencing, rail work and guarding.

   6. Upon information and belief, at all times material herein, Columbus was and is a general contractor.

   7. Upon information and belief, at all times material herein, U.S. Fire was and is a surety engaged in the business of issuing performance and labor and material bonds for publicly financed construction projects.

   8. Upon information and belief, on or before, April 1, 2004, Columbus entered into a contract with the New York State Department of Transportation ("DOT") for the "Resurfacing, Restoration and Rehabilitation I-684, from Cross Westchester Expressway to County Route 32 in Westchester County, New York (the "Project"), Contract No. D259569 (the "Prime Contract").

9.   On or about April 20, 2004, U.S. Fire issued Labor and Material Bond No. 6102302625 (the "Bond") on the Project whereby insuring *inter alia* payment of monies due to Columbus' subcontractors for all labor and materials provided under the Project.

10.   Upon information and belief, after the making of the Prime Contract, Defendant Columbus, as contractor, doing business as and under the name of Columbus Construction Inc. entered into a subcontract agreement with Certified by which Certified agreed to furnish certain fencing to furnish certain fencing labor, materials and equipment necessary to complete all Sign, Fence and Rail work on the Project (the "Subcontract") for consideration.

## FIRST CAUSE OF ACTION AGAINST COLUMBUS

11.   Plaintiff repeats and realleges the allegation set forth in paragraphs 1 through 10 hereof.

12.   Beginning on or about October 2004, Certified duly performed all required work on the Project under the Subcontract and continuously performed all obligations including additional work at the special request of Columbus and the DOT, with the express consent of Columbus.

13.   On or about June 2006, Columbus stopped making payment on the Subcontract.

14.   The non-payment constituted a material breach of the Subcontract.

15.   Despite Columbus' material breach of the Subcontract, Certified continued to perform its' obligations in accordance with the terms of the Subcontract.

16.   Certified fulfilled all of its' obligations and satisfactorily completed its' work on the Project in its entirety on or about June 2006.

17.   The balance due for the services rendered is $392,920.86.

3

18.      Certified has demanded payment for the balance owed for labor, material and services tendered by Certified.

19.      Columbus has refused to remit payment to Certified for the balance due and owing to Certified under the Subcontract.

20.      Certified has suffered severe economic hardship as a result of Columbus' non-payment.

21.      Columbus' non-payment to Certified constituted a material breach and thereby frustrated the purpose of the Subcontract.

22.      By reason of Columbus' material breach of the Subcontract, Certified has been damaged in an amount believed to be in excess of $392,920.86, direct and consequential damages believed to be in excess of $50,000, plus interest and attorneys' fees.

## SECOND CAUSE OF ACTION AGAINST COLUMBUS

23.      Plaintiff repeats and realleges the allegation set forth in paragraphs 1 through 22 hereof.

24.      On or about October 2004, Certified commenced work on the Project and completed the work satisfactorily in June 2006.

25.      At various times, Columbus did not make timely payments to Certified in breach of the payment schedule term of the Subcontract to which Certified timely objected.

26.      On or about March 31, 2006 Columbus again breached the terms of the Subcontract regarding payment when it stopped making payments entirely.

4

27.    Without payment, Certified continued to provide its' services on the Project and completed the work satisfactorily pursuant to all of its' obligations on or about June 2006.

28.    The value of those materials and services for which Certified has not been paid is $392,920.86.

29.    Certified has demanded payment from defendant Columbus in the amount of $392,920.86 for the services provided to Columbus on the Project. Columbus has refused this demand.

30.    Columbus' actions constitute a breach of the terms of the Subcontract.

31    By virtue of Columbus' non-payment and untimely payments to Certified, Certified has suffered severe economic hardship.

32.    By reason of the foregoing, Plaintiff is entitled to the amount of $392,920.86, direct and consequential damages believed to be in excess of $50,000, plus interest and attorneys' fees.

### THIRD CAUSE OF ACTION AGAINST COLUMBUS

33.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 32 hereof.

34.    Certified has performed numerous and valuable services at the request and for the benefit of Columbus on the Project.

35.    Certified has performed numerous and valuable services at the request of the DOT and with the express consent of Columbus on the Project for the benefit of and on behalf of Columbus and the DOT.

5

36.    Certified performed all the aforesaid services without objection by Columbus, pursuant to the terms of the Prime Contract, the Subcontract, and the DOT.

37.    The reasonable value of those services for which Certified has not been paid is $392,920.86.

38.    Certified has demanded payment from Columbus for the reasonable value of services provided. Columbus has refused this demand.

39.    Columbus has been unjustly enriched by its' refusal to pay Certified for its' work.

40.    By reason of the foregoing, Plaintiff is entitled to the amount of $392,920.86, direct and consequential damages believed to be in excess of $50,000, plus interest and attorneys' fees.

## FOURTH CAUSE OF ACTION AGAINST COLUMBUS

41    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 40 hereof.

42.    Certified contracted with Columbus to work on the Project because of Columbus' express and implied representations that it would comply with the terms of both the Prime Contract and Subcontract and act in good faith (collectively referred to hereinafter as the "Agreements").

43.    Implied in the Agreements is a covenant of good faith and fair dealing which obligated Columbus, *inter alia*, to act in good faith and to use its' best efforts in the performance of the Agreements.

44. By, continuously being in non-compliance with the payment schedule, Columbus breached the covenant of good faith and fair dealing in that its' conduct has deprived Certified of the benefits of the Agreements.

45. By, signing sworn affidavits for the DOT that were knowingly false regarding the payment to Certified for work on the Project, Columbus breached the covenant of good faith and fair dealing in that its' conduct has deprived Certified of the benefits of the Agreements.

46. By, stopping payment on the Project to Certified, Columbus breached the covenant of good faith and fair dealing in that its' conduct has deprived Certified of the benefits of the Agreements.

47. By, creating fictitious back charges that are incongruent with records of the DOT, Columbus breached the covenant of good faith and fair dealings in that its' conduct has deprived Certified of the benefits of the Agreements.

48. By reason of the foregoing, Certified is entitled to the amount of $392,290.86, direct and consequential damages believed to be in excess of $50,000, plus interest and attorneys' fees.

## FIFTH CAUSE OF ACTION AGAINST U.S. FIRE

49. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 48 hereof.

50. U.S. Fire issued Labor and Material Bond No. 6102302625 on the Project for the purpose of insuring payment of monies due to all subcontractors and material men for all labor and materials provided under the Project.

51.   Although Certified has satisfactorily completed all required work at the Project, there remains due and owing to Certified the sum of $392,920.86 for the labor, material and services provided by Certified on the Project.

52.   Pursuant to the terms of the Bond and as a result of Columbus' willful failure to remit payment to Certified for the labor and material provided on the Project, U.S. Fire is liable to Certified in the sum of $392,920.86, plus interest.

WHEREFORE, Plaintiff Certified Fence Corporation demands judgment against Defendants Columbus Construction Corp. d/b/a Columbus Construction, Inc. and United States Fire Insurance Company as follows:

(a)   on Plaintiff's First Cause Of Action against Columbus awarding Plaintiff $392,920.86 and other amounts of direct and consequential damages believed to be in excess of $50,000, plus interest and attorneys' fees;

(b)   on Plaintiff's Second Cause Of Action against Columbus awarding Plaintiff $392,920.86 and other amounts of direct and consequential damages believed to be in excess of $50,000, plus interest and attorneys' fees;

(c)   on Plaintiff's Third Cause of Action against Columbus awarding Plaintiff $392,920.86 and other amounts of direct and consequential damages believed to be in excess of $50,000, plus interest and attorneys' fees;

(d)   on Plaintiff's Fourth Cause of Action against Columbus awarding Plaintiff $392,920.86 and other amounts of direct and consequential damages believed to be in excess of $50,000, plus interest and attorneys' fees;

8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
--- ------------------------------------------------- -----------X

CERTIFIED FENCE CORPORATION.,                          Index No.: 24083/06

                                Plaintiff,             **VERIFIED ANSWER**

        -against-

COLUMBUS CONSTRUCTION CORP. d/b/a
COLUMBUS CONSTRUCTION INC. and UNITED
STATES FIRE INSURANCE COMPANY,

                                Defendants
--------------------------------------------- ------------X

        Defendant, Columbus Construction Corp. ("Columbus"), by its attorneys, Goetz Fitzpatrick,

LLP, answers the verified complaint ("Complaint") of Plaintiff, Certified Fence Corporation.,

("Certified") as follows:

        1.      Columbus denies knowledge sufficient to form a belief as to the allegations of

paragraph 1 of the Complaint.

        2.      Columbus admits the allegations of paragraph 2 of the Complaint.

        3.      Columbus denies knowledge sufficient to form a belief as to the allegations of

paragraph 3 of the Complaint.

        4.      Columbus admits the allegations of paragraph 4 of the Complaint.

        5.      Columbus denies knowledge sufficient to form a belief as to the allegations of

paragraph 5 of the Complaint.

        6.      Columbus admits that at times it contracted to perform, and performed, work as a

general contractor, and otherwise denies the allegations of paragraph 6 of the Complaint.

        7.      Columbus denies knowledge sufficient to form a belief as to the allegations of

paragraph 7 of the Complaint.

8.     In response to paragraph 8 of the Complaint, Columbus admits it entered into a contract with the New York State Department of Transportation, Contract No. D259659, in connection with a project to rehabilitate portions of I-684, and otherwise begs leave of the Court to refer to the contract at trial for its specific terms and project specifications.

9.     In response to paragraph 9 of the Complaint, Columbus, upon information and belief, admits that United States Fire Insurance Company issued a payment bond in connection with the project described in paragraph 8 above, and otherwise begs leave of the Court to refer to the document at trial for its terms and conditions.

10.     In response to paragraph 10 of the Complaint, Columbus admits that it entered into subcontract with Certified in connection with the project described in paragraph 8 above, and otherwise begs leave of the Court to refer to the subcontract at trial for its terms and conditions.

## ANSWERING THE FIRST CAUSE OF ACTION

11.     In response to paragraph 11 of the Complaint, Columbus realleges its responses to paragraphs 1 through 10 of the Complaint as if set forth herein.

12.     Columbus denies the allegations contained in paragraphs 12, 13, 14, 15, 16, 17, 18, 19, 20, 21 and 22 of the Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

13.     In response to paragraph 23 of the Complaint, Columbus realleges its responses to paragraphs 1 through 22 of the Complaint as if set forth herein.

14.     Columbus denies the allegations contained in paragraphs 24, 25, 26, 27, 28, 29, 30, 31 and 32 of the Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

15.    In response to paragraph 33 of the Complaint, Columbus realleges its responses to paragraphs 1 through 32 of the Complaint as if set forth herein.

16.    Columbus admits Certified performed, and was paid for, certain work in connection with its subcontract with Columbus, and otherwise denies the allegations of paragraph 34 of the Complaint.

17.    Columbus denies the allegations contained in paragraphs 35, 36, 37, 38, 39 and 40 of the Complaint.

## ANSWERING THE FOURTH CAUSE OF ACTION

18.    In response to paragraph 41 of the Complaint, Columbus realleges its responses to paragraphs 1 through 40 of the Complaint as if set forth herein.

19.    Columbus denies knowledge sufficient to form a belief as to the reason Certified entered into its contract with Columbus, and otherwise denies the allegations of paragraph 42 of the Complaint.

20.    Columbus begs leave of the Court to refer to any contracts entered into between Columbus and Certified, and otherwise denies the allegations contained in paragraph 43 of the Complaint.

21.    Columbus denies the allegations contained in paragraphs 44, 45, 46, 47 and 48 of the Complaint.

## ANSWERING THE FIFTH CAUSE OF ACTION

22.    In response to paragraph 49 of the Complaint, Columbus realleges its responses

to paragraphs 1 through 48 of the Complaint as if set forth herein.

23.    In response to paragraph 50 of the Complaint, Columbus, upon information and belief, admits that United States Fire Insurance Company issued a payment bond in connection with the project described in paragraph 8 above, and otherwise begs leave of the Court to refer to the document at trial for its terms and conditions.

24.    Columbus denies the allegations contained in paragraphs 51 and 52 of the Complaint.

## OFFSETS

Columbus, by its attorneys, Goetz Fitzpatrick LLP, alleges as follows:

26.    On or around June 1, 2004, Columbus entered into a subcontract with Certified whereby Certified was to provide certain work, labor, and services in connection with a construction project to resurface, restore and rehabilitate portions of I-684 in Westchester County, New York (the "Contract").

27.    The Contract required Certified, among other things, to timely pay its own laborers and subcontractors.

28.    Certified materially breached the contract by, among other things, failing to pay its laborers and/or subcontractors, resulting in claims to Columbus from Local 456 in the amount of $104,099.00 and Trinity Construction in the amount of $86,809.00.

29.    Under the terms of the Contract, Columbus was to provide Certified with maintenance and protection of traffic ("MPT") for a maximum of 50 days, with Certified being responsible for providing MPT thereafter.

30.    Columbus provided Certified with MPT for a total of 125 days in connection with the Contract, resulting in Columbus being entitled to a payment from Certified for 75 days of

such MPT, with a total value of $277,080.00.

31.   Columbus is further entitled to an offset of $18,438.17 due to an overpayment to Certified in connection with its work under the Contract.

32.   Certified refused to perform certain work pursuant to the Contract, thereby causing Columbus to incur additional costs of $16,726.40, for which it is entitled to an offset of any claims of Certified.

33.   Based on the foregoing, any claims of Certified are more than offset by the above payments by and/or costs of Columbus in connection with Certified's breaches of the Contract.

## FIRST AFFIRMATIVE DEFENSE

Certified's Complaint and each cause of action alleged therein should be dismissed for failure to state a claim upon which relief may be granted against Columbus.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each cause of action alleged therein should be dismissed under the doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE

Certified's Complaint and each cause action alleged therein should be dismissed or diminished accordingly under the doctrine mitigation of damages.

## FOURTH AFFIRMATIVE DEFENSE

Certified's Complaint and each cause of action alleged therein should be dismissed for plaintiff's failure to follow, upon information and belief, any and all conditions precedent to filing suit as may be required under the terms and conditions of any written agreements between plaintiff and defendant.

### FIFTH AFFIRMATIVE DEFENSE

Certified's Complaint is barred and/or its damages should be reduced under the doctrines

of set off and recoupment.

### SIXTH AFFIRMATIVE DEFENSE

Certified's Complaint and each cause of action alleged therein is barred as Columbus is

excused and discharged from performance due to material breaches of contract by Certified.

### SEVENTH AFFIRMATIVE DEFENSE

Certified's Complaint and each cause of action alleged therein is barred under the

doctrine of unclean hands.

**WHEREFORE**, Columbus demands judgement dismissing with prejudice the

Complaint, together with judgment in favor of Columbus and against Certified for all costs,

disbursements and attorneys fees incurred in connection with this action.

Dated: New York, New York
    February 7, 2007

                    GOETZ FITZPATRICK LLP
                    Attorneys for Defendant
                    Columbus Construction Corp.

                    By: _____
                        David Kuehn
                    One Pennsylvania Plaza, Suite 4401
                    New York, New York 10119-0196
                    (212) 695-8100


TO:    George S. Kokkalenios, Esq.
       Attorney for Plaintiff
       Certified Fence Corporation
       50 Main Street, Suite 1000
       White Plains, New York 10606
       (914) 682-6884


                    Page 6 of 8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------x    Index #24083/06

CERTIFIED FENCE CORPORATION,

          Plaintiff,                    **ANSWER TO FIRST AMENDED
                                   COMPLAINT**

    -against-

COLUMBUS CONSTRUCTION CORP. d/b/a
COLUMBUS CONSTRUCTION, INC. and
UNITED STATES FIRE INSURANCE COMPANY,

          Defendants.
-------------------------------------------------------x

Defendant United States Fire Insurance Company ("United States Fire"), by its attorneys,

McElroy, Deutsch, Mulvaney & Carpenter, LLP, as and for its Answer to plaintiff's complaint in

the above-captioned action, alleges upon information and belief as follows:

    1.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph "1" of plaintiff's complaint.

    2.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph "2" of plaintiff's complaint.

    3.    Denies each and every allegation contained in paragraph "3" of plaintiff's

complaint, except admits that United States Fire is a Delaware corporation with its principal

place of business in Morris County, New Jersey, and that United States Fire is duly authorized to

engage in the suretyship business in New York.

    4.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph "4" of plaintiff's complaint and refers all statements of law to

this Court.

    5.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph "5" of plaintiff's complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of plaintiff's complaint.

7.      Admits the allegations contained in paragraph "7" of plaintiff's complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of plaintiff's complaint.

9.      Admits only that United States Fire issued a bond on the subject project and refers this Court to the original bond for its terms and conditions.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of plaintiff's complaint.

## IN RESPONSE TO THE FIRST CAUSE OF ACTION

11.     Defendant United States Fire repeats, reiterates and realleges each and every response contained in the foregoing paragraphs as if set forth more fully herein.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of plaintiff's complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of plaintiff's complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of plaintiff's complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of plaintiff's complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of plaintiff's complaint.

17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of plaintiff's complaint.

18.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of plaintiff's complaint.

19.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of plaintiff's complaint.

20.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of plaintiff's complaint.

21.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of plaintiff's complaint.

22.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of plaintiff's complaint.

## IN RESPONSE TO THE SECOND CAUSE OF ACTION

23.    Defendant United States Fire repeats, reiterates and realleges each and every response contained in the foregoing paragraphs as if set forth more fully herein.

24.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of plaintiff's complaint.

25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of plaintiff's complaint.

26.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of plaintiff's complaint.

27.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of plaintiff's complaint.

28.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of plaintiff's complaint.

29.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of plaintiff's complaint.

30.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of plaintiff's complaint.

31.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of plaintiff's complaint.

32.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of plaintiff's complaint.

## IN RESPONSE TO THE THIRD CAUSE OF ACTION

33.    Defendant United States Fire repeats, reiterates and realleges each and every response contained in the foregoing paragraphs as if set forth more fully herein.

34.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of plaintiff's complaint.

35.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of plaintiff's complaint.

36.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of plaintiff's complaint.

37.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "37" of plaintiff's complaint.

38.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "38" of plaintiff's complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of plaintiff's complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "40" of plaintiff's complaint.

## IN RESPONSE TO THE FOURTH CAUSE OF ACTION

41. Defendant United States Fire repeats, reiterates and realleges each and every response contained in the foregoing paragraphs as if set forth more fully herein.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "42" of plaintiff's complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "43" of plaintiff's complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "44" of plaintiff's complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "45" of plaintiff's complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "46" of plaintiff's complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "47" of plaintiff's complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "48" of plaintiff's complaint.

## IN RESPONSE TO THE FIFTH CAUSE OF ACTION

49. Defendant United States Fire repeats, reiterates and realleges each and every

response contained in the foregoing paragraphs as if set forth more fully herein.

     50.    Admits only that United States Fire issued a bond on the subject project and refers this Court to the bond for all of its terms and conditions.

     51.    Denies each and every allegation contained in paragraph "51" of plaintiff's complaint.

     52.    Denies each and every allegation contained in paragraph "52" of plaintiff's complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

     53.    Plaintiff's complaint, in whole or in part, fails to state a claim for which relief can be granted.

## AS AND FOR A SECOND AFFIRMATION DEFENSE

     54.    Plaintiff's claim is barred, in whole or in part, by the statute of limitations contained in State Finance Law § 137, the Lien Law and/or any other applicable statute and/or the limitations period in the bond.

## AS AND FOR A THIRD AFFIRMATION DEFENSE

     55.    Plaintiff's claim is barred, in whole or in part, by plaintiff's failure to comply with common law and/or statutory conditions precedent to bringing its claim and/or conditions precedent contained in the bond.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

     56.    United States Fire's liability, if any, under the bond is limited by the terms of the bond and United States Fire has no liability under the bond for consequential damages, attorney's fees, costs of suit or interest with respect thereto.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

57. United State Fire's liability, if any, is limited to the penal sum of the bond.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

58. To the extent that Columbus Construction Corp. ("Columbus") has any defenses to the complaint, United States Fire incorporates said defenses herein.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

59. Upon information and belief, plaintiff has breached its obligations pursuant to its contract with Columbus.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

60. Plaintiff's claim is barred by laches, release, waiver and/or estoppel.

WHEREFORE, Defendant United States Fire demands judgment as follows:

(a) Dismissing plaintiff's complaint as against United States Fire; and

(b) An award of costs, disbursements and attorneys' fees and such further relief as the Court may deem just.

Dated: New York, New York
       January 17, 2007

McElroy, Deutsch, Mulvaney & Carpenter, LLP

By: _____
    Michael McDermott
    John W. Morris
    Attorneys for Defendant
    United States Fire Insurance Company
    88 Pine Street, 24th Floor
    New York, New York 10005
    (212) 483-9490

TO:    George S. Kokkalenios, Esq.
       Attorney for Plaintiff
       50 Main Street, Suite 1000
       White Plains, New York 10606
       (914) 682-6884